The Law Offices of Avrum J. Rosen, PLLC
Proposed Counsel to the Debtors
38 New Street
Huntington, New York 11743
Fred S. Kantrow
Avrum J. Rosen

UNITED STATES BANKRUPTCY COURT  RETURN DATE: **4/13/10**
EASTERN DISTRICT OF NEW YORK  TIME: **10:00 a.m.**
------------------------------------------------------------x
In re:

        LENROY ORLANDO ENGLISH and  Chapter 11
        DIAN ENGLISH,  Case No. 09-79154-dte

                           Debtors.
------------------------------------------------------------x

# DEBTORS' APPLICATION TO
# VOLUNTARILY DISMISS THIS CHAPTER 11 CASE

      LENROY ORLANDO ENGLISH and DIAN ENGLISH, the debtors in this chapter 11 case, (the "Debtors") by and through their proposed attorneys, The Law Offices of Avrum J. Rosen, PLLC, respectfully submit this as and for their application (the "Application") seeking the entry of an Order pursuant to section 1112 of title 11 of the United States Code (the "Bankruptcy Code") to voluntarily dismiss this chapter 11 case and state as follows:

      1.      The Debtors filed a voluntary petition for relief from their creditors pursuant to chapter 11 of the Bankruptcy Code on November 29, 2009 (the "Petition Date").

      2.      No trustee, examiner or official committee has been appointed in this case.

      3.      As this Court is aware, the Debtors initially retained counsel that failed to move this chapter 11 case along insofar as no motion to set a bar date was ever made and no operating reports were ever filed. In addition, the Debtors never sought to retain an accountant which was clearly needed in this rather complicated, personal chapter 11 case.

      4.      In addition, the schedules contained numerous errors regarding secured debt and property that was owned by the Debtors.

5. Thereafter, the Debtors retained The Law Offices of Avrum J. Rosen, PLLC, as replacement counsel. Immediately, this firm filed a motion for a bar date, moved to retain an accountant and reviewed the petition and the schedules with an eye towards amending them so that they would accurately reflect the Debtors' debts and properties.

6. In addition to attempting to right this ship, the Debtors were faced with two motions to vacate the automatic stay as to two separate pieces of real property. The Debtors did not have grounds to object to the respective secured creditors' actions and as such the Court granted the pending motions.

7. As a direct result, the Debtors re-examined their position in this chapter 11 case. The case centers around several rental properties and the Debtors' primary residence, and the mortgage arrears that have accumulated on the various debts.

8. The Debtors were in negotiations with the various secured creditors, outside of bankruptcy, in an attempt to modify the existing loans. However, the modification process is often a difficult and time consuming process, and one that takes a substantial amount of time to conclude. Thus, the Debtors believed that a chapter 11 was there only alternative. Now, being that the stay has been vacated as to two properties, the Debtors believe that their potential for resolving these issues may be better served outside of bankruptcy.

9. The secured creditors are more likely to communicate with the Debtors outside of the Bankruptcy Court. The Debtors desire is to negotiate deals outside of bankruptcy in the hopes of reaching separate accommodations with the secured creditors to save as many of the rental properties as possible and of course, to save their primary residence.

10. The potential to confirm a chapter 11 plan in this personal chapter 11 appears to be very daunting. In addition, the costs associated with continuing in chapter 11 are

overwhelming and cannot be met by the Debtors.

11. The Debtors believe that conversion to chapter 7 shall not be beneficial to the creditors herein. As the Court is aware, the Debtors' properties are all "underwater" and thus, even the various secured creditors shall have deficiency claims in any chapter 7 case. Thus, a distribution to any general unsecured creditors is highly unlikely.

12. Section 1112 of the Bankruptcy Code provides that a chapter 11 case may be dismissed upon the request of a party in interest, unless the Court determines that it is more appropriate, in the best interest of creditors, to convert the case to chapter 7.

13. While the Bankruptcy Code as drafted appears to require that the Debtors herein establish cause under section 1112(b)(4) of the Bankruptcy Code to dismiss the case, the Debtors need not satisfy each of the fifteen elements enumerated as cause. *See, e.g., In re TCR of Denver, LLC,* 338 B.R. 494 (Bankr. CO. 2006)(holding that it would lead to an absurd result of debtors were to have to meet all 15 requirements to dismiss or convert a case). Here, the Debtors have failed to comply with all of the requirements of a chapter 11 debtor, however, there has been no real detriment to the creditors.

14. As stated *inter alia*, there is simply nothing available to general unsecured creditors and the conversion to chapter 7 would prove to be fruitless. It would only impose a duty on a chapter 7 trustee. Moreover, there are numerous properties at issue herein, and any chapter 7 trustee may find that the estate has been exposed to potential harm should insurance be lacking as to any of the properties.

15. Under the circumstances, dismissal of this case may well be in the best interest of the creditors herein as each shall have its respective rights and remedies under state law.

WHEREFORE, the Debtors respectfully request that this Honorable Court enter an Order

dismissing the instant chapter 11 case and grant such other and further relief that this Court deems just and proper under the facts and circumstances herein.

Dated: Huntington, New York
      March 24, 2010

                              The Law Offices of Avrum J. Rosen, PLLC
                              Proposed Attorneys for the Debtors

BY:   S/Fred S. Kantrow
       Fred S. Kantrow
       38 New Street
       Huntington, New York 11743
       631 423 8527
       Fkantrow@avrumrosenlaw.com