| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing date: April 13, 2010 |
| EASTERN DISTRICT OF NEW YORK | at 10:00 am |

-----------------------------------------------------X

In re:

    LENROY ORLANDO ENGLISH and    Case No. 809-79154-478
    DIAN ENGLISH,
                     Debtor.    Chapter 11

-----------------------------------------------------X

OBECTION BY THE UNITED STATES TRUSTEE TO THE DEBTORS'
MOTION SEEKING DISMISSAL OF THIS CHAPTER 11 CASE AND IN
SUPPORT OF AN ORDER OF CONVERSION OF THIS 11 CASE TO ONE
UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

TO:    THE HONORABLE DOROTHY T. EISENBERG,
        UNITED STATES BANKRUPTCY JUDGE:

        Diana G. Adams, the United States Trustee for Region 2 ("United States Trustee") in furtherance of her duties and responsibilities set forth in 28 U.S.C. §586(a)(3) and (5) does hereby file this objection to the above referenced debtors' application for an order dismissing this chapter 11 case and request entry of an order pursuant to 11 U.S.C. §1112(b) converting this case to one under chapter 7 of the Bankruptcy Code, because it is in the best interest of creditors.

        In support therefore, the United States Trustee represents and alleges as follows:

**PRELIMINARY STATEMENT**

        Lenory Orlando and Dian English (the "Debtors") filed a joint voluntary chapter 11 petition on November 29, 2009. Upon information and belief, in addition to the Debtors' residence located in Dix Hills, New York, they have ownership interests in seven (7) other parcels of rental property in Nassau, New York. The information provided in the Debtors'

1

schedules appears to be incomplete and inconsistent. Since the inception of this case, the United States Trustee has been unable to examine the Debtors at any of the meetings of creditors pursuant to 11 U.S.C. §341(a) ("341 Meeting"). As a result, the Debtors have failed to fully comply with their fiduciary duties as debtor-in-possession in making complete disclosure of their financial affairs. In addition, the Debtors have failed to provide proof that adequate insurance is being maintained on all of the real and personal properties and that the debtor-in-possession bank accounts were established. Furthermore, the Debtors have failed to file monthly operating reports ("MORs"). Because of the Debtors' lack of candor in providing full financial disclosure, as well as their failure to be examined by the United States Trustee at a mandatory 341 Meeting, cause is shown under 11 U.S.C. §1112(b) in support of conversion of this chapter 11 case because it is in the best of interest of the creditors of this estate.

## **BACKGROUND**

1. The Debtors filed a joint voluntary chapter 11 petition on November 29, 2009.

2. Upon information and belief, the Debtors own their residence located at 2 Whispering Court, Dix Hills, New York ("Residence") and seven (7) parcels of rental property in Nassau County, New York ("Rental Property").

3. The United States Trustee was unable to appoint a committee of unsecured creditors.

4. At the time of filing, the Debtors failed to file complete schedules and were given a deadline of December 14, 2009 to complete its bankruptcy filing by providing the following documents with the Court: a) certificate of credit counseling and b) copies of pay statements received from employers. (Docket Entry # 2).

5. On February 8, 2010, the Debtors complied with the Court scheduled deadline by

filing both the certificate of counseling and copies of pay statements.

6. On February 10, 2010, the Debtors also filed amended schedules. The assests and liabilities listed on the Debtors' amended schedules are completely different from the information contained in the original filed schedules.

7. The initial 341 Meeting was scheduled for January 7, 2010 and the Debtors requested an adjournment. On Jaunary 15, 2010, Mr. English appeared and Mrs. English failed to appear. The 341 Meeting was further adjourned to February 9, 2010. On February 9, 2010, Mrs. English testified that she did not review the petition and schedules before she signed them under the penalty of perjury. As a result, the United States Trustee could not continue the 341 Meeting examination. To date, the Debtors have not been examined by the United States Trustee.

8. Upon information and belief, the Debtors have failed to open debtor-in-possession bank accounts.

9. The Debtors have failed to provide proof that they have maintained proper insurance coverage on their assets.

10. The Debtors have failed to file any MORs.

11. The Debtors have not filed a plan of reorganization or a disclosure statement.

12. On March 24, 2010, the Debtors filed a motion to voluntarily dismiss this chapter 11 case.

## APPLICABLE LEGAL AUTHORITY

13. 28 U.S.C. §586(a)(8) states that "in any case in which the United States trustee finds material grounds for relief under §1112 of title 11, the United States trustee shall apply promptly after making that finding to the court for relief." Under 11 U.S.C. §307, the United

States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding. Pursuant to 28 U.S.C. §586(a)(3), the United States Trustee is charged with the duty of supervising the administration of cases in chapter 11. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §157.

14. Conversion of chapter 11 cases is governed by 11 U.S.C. §1112(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which states in relevant part:

> (1) Except as provided in paragraph (2) of this subsection . . . on request of a party in interest . . . absent unusual circumstance specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) the relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>
>     (A) there is reasonable likelihood that a plan will be confirmed within the time frames established in §§ 1121(e) and 1129(e) of this title . . .; and
>
>     (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) --
>
>         (i) for which there exists a reasonable justification for the act or omission; and
>         (ii) that will be cured within a reasonable period of time fixed by the court . . .
>
> (4) for purposes of this subsection, the terms 'cause' includes –
>
>     (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

15. Stated differently, with limited exceptions, §1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in §1112(b)(4)

exist. The mandatory language of §1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the court's discretion. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. §1112(b)(4)." In re TCR of Denver, LLC, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). There are only two exceptions to mandatory conversion or dismissal. The first is found in §1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court." The second exception is found in §1112(b)(2), and it operates to enable a debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. However, this second exception is inapplicable if cause exists under §1112(b)(4)(a) (substantial or continuing loss to the estate).

16. Whether cause exists to convert or dismiss a case is a determination that rests within the sound discretion of the court. In re Levinsky, 23 B.R. 210, 217 (E.D.N.Y. 1982). In fact, the Bankruptcy Court has broad discretion to determine whether conversion or dismissal a chapter 11 case, so long its decision is made based upon the best interest of creditors. See In re Gonic Realty Trust, 909 F. 2d 624, 626-27 (1st Cir 1990). While the burden of showing cause rests with the moving party, In re Pensignorkay, Inc., 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997); In re Earth Services, Inc., 27 B.R. 698, 700 (D. Vt. 1983), that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other cause. Levinsky, 23 B.R. at 217; see also In re Santiago Vela, 87 B.R. 229, 231 (D. P.R. 1988); In re 3868-70 White Plains Road, Inc., 28 B.R. 515, 519 (S.D.N.Y. 1983).

17. 11 U.S.C. §1112(b)(b)(4) sets forth a list of examples of "cause." For purposes of the instant motion, under 11 U.S.C. §1112(b)(4) "cause" includes:

(A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(F) Unexcused failure to satisfy timely any filing or reporting requirement established by this title of by any rule applicable to a case under this chapter;

18. The list set forth at 11 U.S.C. §1112(b)(4) is illustrative and not exhaustive; a court may find that "cause" for conversion exists based on circumstances which are not among those enumerated in 11 U.S.C. §1112(b)(4). See In re C-TC 9th Ave. P'ship, 113 F.3d 1304, 1311 (2nd Cir. 1997). Although BAPCPA significantly altered 11 U.S.C. §1112(b), the revised statute did not impact the nonexclusive nature of 11 U.S.C. §1112(b)(4). See In re Springs Hospitality, Inc., 2006 WL 2458679, *3 n.6 (Bankr. D. Idaho 2006) (concluding that the list set forth at 11 U.S.C. §1112(b)(4) is non-exhaustive, like its pre-BAPCPA corollary at 11 U.S.C. §1112(B)(1)); In re 3 RAM, Inc., 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) ("[w]hile the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in §1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not").

19. Among the considerations frequently cited by courts, in determining to dismiss or convert a Chapter 11 case, is whether a debtor has filed his petition in bad faith. See, e.g. C-TC 9th Ave. P'ship, 113 F.3d at 1310 ("[t]he good faith standard applied to bankruptcy petitions furthers the balancing process between the interests of debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy") (citation and internal quotations omitted).

# ARGUMENT

## Cause exists for Court to enter an order converting this chapter 11 case

I.     **Failure to maintain appropriate insurance that poses a risk to the estate or to the public**

20.    The Debtors have failed to provide any proof that proper insurance is being maintained on their assets to prevent losses and minimize the risks posed to the creditors of this estate and the public at large. It is respectfully submitted that without proper insurance, the potential exposure of liabilities to the estate can be devastating.

II.    **Failure to be examined at the meeting of creditors convened under §341(a) without good cause shown by the debtors**

21.    Since the inception of this case, the Debtors have failed to avail themselves for examination at the mandated meeting of creditors under 11 U.S.C. §341(a). The 341 Meeting is a forum where both the United States Trustee and creditors can examine the Debtors under oath regarding their financial affairs. Without having the Debtors' examination at the 341 Meeting, the United States Trustee is inhibited from investigating the discrepancies and inconsistencies appearing on the Debtors' filed schedules.

III.   **Unexcused failure to satisfy timely and filing or reporting requirements established by this title or by any rule applicable to a case under this chapter**

22.    The Debtors have failed to file any MORs since the filing of this chapter 11 case. As a result, it is unclear whether the Debtors have been generating income and paying their post-petition administrative expenses. The Debtors' failure to comply with the mandatory reporting requirements essentially prevents any financial monitoring of their financial activities.

IV.    **Other cause exits in support of conversion or dismissal**

23.    Although the Debtors filed this joint voluntary chapter 11 petition, it is unclear

whether Mrs. English has voluntarily subjected herself to this bankruptcy proceeding since she testified that she did not review the petition and schedules that were filed with the Court.

24. Moreover, the Debtors have failed to comply with the requirements to establish debtor-in-possession bank accounts so all of their post-petition financial transactions can be properly recorded.

25. Because of the Debtors' lack of financial disclosure and failure to testify at the 341 Meetings, it is impossible to ascertain a complete financial picture of the Debtors and how they can be successfully reorganized. Furthermore, Mrs. English did not review the information contained in the Debtors' schedules which begs the question whether this joint chapter 11 petition was filed in good faith.

26. In light of the foregoing, cause exists under 11 U.S.C. §1112(b) in support of an order converting this case to one under chapter 7 of the Bankruptcy Code.

## CONCLUSION

27. Since the filing of this voluntary petition, the Debtors have failed to demonstrate to the Court and the United States Trustee that they have either the means or the desire to proceed toward a successful reorganization. The Debtors have failed to a) comply with the basic requirements as a debtor-in-possession; b) testify at a 341 Meeting; c) file MORs; d) provide proof of insurance; and e) open debtor-in-possession bank accounts. The Debtors voluntarily invoked the jurisdiction of this Court to oversee their financial affairs. However, the Debtors failed to make full candid disclosure of all of their financial information. Without having the Debtors fully comply with their fiduciary obligations as a debtor-in-possession, it would not be in the best interest of creditors if this chapter 11 case is being dismissed. In light of the foregoing, it is submitted that cause has been shown in support of conversion of this chapter 11

case.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

A. Denying the Debtors' request for dismissal of this case;

B. Converting this case to one under chapter 7;

C. Requiring the payment of the United States Trustee's quarterly fees through the date of entry of the order converting or dismissing the case; and

D. Granting such other and further relief as may seem just and proper.

Dated: Central Islip, New York
April 9, 2010

DIANA G. ADAMS
UNITED STATES TRUSTEE
Region 2

*/S/ Stan Y. Yang*
Stan Y. Yang
Trail Attorney

560 Federal Plaza
Central Islip, New York 11722
631-715-7800

| UNITED STATES BANKRUPTCY COURT | Hearing date: April 13, 2010 |
|---|---|
| EASTERN DISTRICT OF NEW YORK | at 10:00 am |

------------------------------------------------------X

In re:

    LENROY ORLANDO ENGLISH and     Case No. 809-79154-478
    DIAN ENGLISH,

                    Debtor.     Chapter 11

------------------------------------------------------X

**AFFIDAVIT OF SERVICE
BY FACSIMILE SERVI CE**

STATE OF NEW YORK)
                      :ss
COUNTY OF SUFFOLK )

Linda Kmiotek, being duly sworn, deposes and says:

      1. I am not a party to this action, am over the age of 18 years and am employed at the Office of the United States Trustee for the Eastern District of New York, 560 Federal Plaza, Central Islip, New York 11722

      2. On April 12, 2010, I served a true copy of the annexed **objection**, sending same to the last known fax number of the addresses listed on the attached list.

                                      */S/ Linda Kmiotek*
                                      Linda Kmiotek

Sworn to before me on the
12th day of April, 2010

*/S/ Stan Y. Yang*
Notary Public

*Stan Y. Yang
Notary Public, State of New York
No. 31-4977344
Qualified in Nassau County
Commission Expires February 4, 2011*

MAILING LIST

Fred S. Kantrow, Esq.
The Law Office of Arym J. Rosen, PLLC
38 New Street
Huntington, New York 11743

(631) 423-4536