UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                                 Chapter 7

Lenroy Orlando English and Dian English,       Case No. 809-79154-478

       Debtor.                                   <u>Affirmation in Support</u>

------------------------------------------------------------X

        Marc A. Pergament, duly affirms under the penalties of perjury as follows:

        1.     I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and the United States District Court for the Eastern and Southern Districts of New York and am a member of Weinberg, Gross & Pergament LLP, attorneys for the Trustee.

        2.     I am also the Trustee of this Estate, and am familiar with the facts set forth herein.

        3.     This Affirmation is presented in support of my motion for the entry of an Order: (a) extending the time for the Trustee to object to the Debtor's discharge under 11 U.S.C. § 727 through and including November 30, 2010; (b) compelling the Debtor to turnover by August 12, 2010: (i) the Debtor's 2009 federal and state tax refunds; (ii) all payments made to the Debtor by the tenants of the rental properties listed at the "Amended Schedule A-Real Property" of the Debtor's petition from April 22, 2010 through August 5, 2010 and continuing until otherwise directed by the Trustee; and (c) such other and further relief as this Court deems just and proper.

        4.     On November 29, 2009, the Debtor filed a joint voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and thereafter, on April 22, 2010, the case was converted to one under Chapter 7.

5. The 341 Meeting was initially scheduled for June 1, 2010, however, the Debtor failed to appear and the 341 Meeting was held on June 14, 2010 ("June 14th Meeting").

6. Based on the filed "Amended Schedule A-Real Property," the Debtor listed eight properties, seven of which are investment properties that appear to be income producing. Accordingly, by letter dated June 7, 2010 sent by the Trustee's counsel, the Debtor was requested to provide certain documents that the Trustee could review prior to conducting a comprehensive 341 Meeting. The documents were not timely provided and the Trustee was only able to ask a limited number of questions at the June 14th Meeting. A copy of the June 7, 2010 letter is annexed hereto as Exhibit "A."

7. During the course of the June 14th Meeting, the Debtor testified that while the Chapter 11 was pending, the Debtor received 2009 tax refunds totaling $39,260.00, which included: $31,014.00 deposited on February 26, 2010 representing the federal tax refund; and, $8,246.00 deposited on March 31, 2010 representing the state refund. In addition, since the Chapter 11 was filed, the Debtor has been receiving rental income payments, however, because no monthly operating reports were filed while the Chapter 11 case was pending, there has been no accounting for the post-petition rent receipts. Therefore, the exact amounts and sources cannot be determined. Further, there has been no accounting for the rent receipts received since the Debtor's case was converted to Chapter 7 on April 22, 2010.

8. Based on the foregoing and the abbreviated June 14th Meeting, the Trustee directed the Debtor to turnover the tax refunds and rent receipts received since April 22, 2010. In addition, the Trustee advised the Debtor and Debtor's counsel that the 341 Meeting would be continued.

9. The Debtor has failed to turnover either the tax refunds or the rent receipts. Moreover, the Debtor has yet to appear for an adjourned 341 Meeting.

10. The time by which the Trustee must commence an adversary proceeding to deny the Debtor a discharge under 11 U.S.C. § 727 is set to expire on August 2, 2010. Based on the rudimentary information produced to date, it is evident that the Trustee will require additional time and further information to conduct his investigation to determine if an action to deny the Debtor a discharge is warranted. Accordingly, the Trustee seeks the entry of an order extending his time, through and including November 30, 2010, to bring an action under 11 U.S.C. §727.

11. Based on communications with Debtor's counsel, it appears that the Debtor has been non-responsive to his communications and has not complied with the Trustee's turnover request made at the June 14th Meeting.

12. There is no excuse for the refusal of the Debtor to cooperate.

13. Thus I request that this Court grant the relief requested herein.

14. No prior application has been made to this or any other Court for the relief requested herein.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Trustee's motion in its entirety and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
July 13, 2010

_____
Marc A. Pergament