UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Chapter 7

Lenroy Orlando English and Dian English,                  Case No. 809-79154-478

          Debtor.
------------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee
of the Estate of Lenroy Orlando English                   Adv. Pro. No.
and Dian English,

          Plaintiff,

  -against-                                              COMPLAINT

Lenroy Orlando English and Dian English,

          Defendants.
------------------------------------------------------------X

        Marc A. Pergament, the Chapter 7 Trustee of the Estate of Lenroy Orlando English and Dian English, by his attorneys, Weinberg, Gross & Pergament LLP, as and for his Complaint herein, respectfully alleges and represents to this Court, upon information and belief, as follows:

        1.    This action arises under 11 U.S.C. §§ 105, 541 and 727 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure.

        2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105 and 727 and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure as this action arose in and under the pending Chapter 7 case of Lenroy Orlando English and Dian English.

        3.    This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

## BACKGROUND

4. Marc A. Pergament is the duly appointed Chapter 7 Trustee (the "Trustee") pursuant to 11 U.S.C. § 704, having been appointed after the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, and has duly qualified as such.

5. On November 29, 2009, Lenroy Orlando English and Dian English (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and the case was converted to a case under Chapter 7 on April 22, 2010 (the "Petition").

6. At all relevant times herein, Lenroy Orlando English and Dian English have been domiciliaries of the State of New York, County of Suffolk, residing at 2 Whispering Court, Dix Hills, New York.

7. Following the bankruptcy filing, the Trustee conducted an investigation into the assets and liabilities of the Debtor.

8. The investigation conducted by the Trustee included an examination of the Debtor pursuant to 11 U.S.C. § 341 (the "341 Examination") and requested the Debtor to produce tax returns and documents.

9. The Trustee served and filed a Notice of Hearing seeking the entry of an Order extending the Trustee's time to file a complaint objecting to the discharge of the Debtor to November 30, 2010 and compelling the Debtor to turnover their 2009 Federal and State Tax Refunds and all payments made to the Debtor by the tenants of the rental properties listed at the "Amended Schedule A-Real Property" of the Debtor's petition from April 22, 2010 through August 5, 2010 by August 12, 2010 and continuing until otherwise directed by the Trustee.

10. By Order entered on August 17, 2010 (the "August 17th Order"), the Trustee's time to object to the Debtor's discharge was extended to November 30, 2010 and the Debtor was directed to: (a) appear to be examined at an adjourned 341 Meeting on or before August 26, 2010; (b) turnover the 2009 Federal and State Tax Refunds totaling $39,260.00 by August 12, 2010; (c) turnover all of the post-petition rents collected from the tenants at the properties listed at the "Amended Schedule A-Real Property" from April 22, 2010 and continue to turnover the rents received until further order of the Court or written direct of the Trustee; and (d) turnover to the Trustee's counsel all documents set forth in Exhibit A to the Trustee's motion.

11. By letter dated August 18, 2010, I informed the Defendants of the Order of this Court and strongly urged them to review it and fully comply with the Order. The Defendants have totally ignored the Order.

12. Thereafter, the Trustee served and filed a Notice of Hearing seeking the entry of an Order: (a) holding Lenroy Orlando English and Dian English in contempt for their refusal to comply with the Order of this Court (Eisenberg, U.S.B.J.) dated August 17, 2010 (the "Order") compelling Lenroy Orlando English and Dian English to (i) turnover to the Trustee the Debtor's 2009 federal and state tax refunds; (ii) turnover all payments made to the Debtor by the tenants of the rental properties listed at the "Amended Schedule A-Real Property" of the Debtor's petition from April 22, 2010 through August 5, 2010 and continuing until otherwise directed by the Trustee; (b) assessing sanctions and fines against Lenroy Orlando English and Dian English, jointly and severally in the sum of $100.00 per day until they comply with the Order; and (c) awarding the Estate its attorneys fees and costs in the sum of $750.00 with respect to the motion.

13. By Order entered on October 18, 2010 (the "October 18th Order"), the Trustee's motion was granted.

14. By letter dated October 20, 2010, the Trustee informed the Defendants that if they do not comply with the August 17th Order and the October 18th Order, the Trustee will pursue his remedies. To date, the Defendants have not complied with the August 17th Order and the October 18th Order.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## FOR AN ORDER DENYING THE DEBTOR
## A DISCHARGE PURSUANT TO 11 U.S.C. SECTION 727(a)(3)

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "14" of this Complaint as though fully set forth at length herein.

16. The Defendants have failed to provide the documents and information demanded by the Plaintiff-Trustee and directed to be produced by the Orders and have failed to turnover the funds.

17. The Defendants have concealed, destroyed, mutilated or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the financial condition of the Defendants can be ascertained.

18. By reason of the foregoing, the Defendants should be denied a discharge pursuant to 11 U.S.C. § 727(a)(3) and the Plaintiff should be awarded a judgment in the sum of at least $39,260.00.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## FOR AN ORDER DENYING THE DEBTOR
## A DISCHARGE PURSUANT TO 11 U.S.C. SECTION 727(a)(4)(D)

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "18" of this Complaint as though fully set forth at length herein.

20. The Defendants knowingly and fraudulently withheld from the Plaintiff-Trustee, recorded information, including books, documents, records and papers relating to the Debtor.

21. By reason of the foregoing, the Defendants should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4)(D).

## AS AND FOR A THIRD CLAIM FOR RELIEF
## FOR AN ORDER DENYING THE DEBTOR
## A DISCHARGE PURSUANT TO 11 U.S.C. SECTION 727(a)(6)(a)

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "21" of this Complaint as though fully set forth at length herein.

23. The Debtor has refused to obey a lawful Orders of the Court entered on August 17, 2010 and October 18, 2010.

24. By reason of the foregoing, the Defendants should be denied a discharge pursuant to 11 U.S.C. § 727(a)(6)(a) and the Plaintiff should be awarded a monetary judgment in the sum of at least $39,260.00.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## FOR AN ORDER DENYING THE DEBTOR
## A DISCHARGE PURSUANT TO 11 U.S.C. SECTION 105(a)

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "24" of this Complaint as though fully set forth at length herein.

26. The Defendants' conduct constitutes just cause for the Court to exercise the equitable power pursuant to 11 U.S.C. § 105(a) to deny the Defendants a discharge under Chapter 7 of the Bankruptcy Code.

27. Based on the foregoing, the Plaintiff-Trustee is entitled to judgment pursuant to 11 U.S.C. § 105(a) denying the Defendants a discharge under Chapter 7 of the Bankruptcy Code, plus attorneys fees and costs.

WHEREFORE, Marc A. Pergament, Plaintiff respectfully requests that this Court enter Judgment against the Defendants, jointly and severally, as follows:

    a. as to the First Claim for Relief, denying the Defendants a discharge pursuant to Section 727(a)(3);

    b. as to the Second Claim for Relief, denying the Defendants a discharge under Chapter 7 of the Bankruptcy Code, pursuant to 11 U.S.C. § 727(a)(4)(D);

    c. as to the Third Claim for Relief, denying the Defendants a discharge under Chapter 7 of the Bankruptcy Code, pursuant to 11 U.S.C. § 727(a)(6)(a);

    d. as to the Fourth Claim for Relief, denying the Defendants a discharge under Chapter 7 of the Bankruptcy Code, pursuant to 11 U.S.C. § 105(a);

    e. Plaintiff's attorneys' fees and costs;

    f. a monetary judgment against the Defendants, jointly and severally in the sum of $39,260.00, plus interest; and

g. for such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
November 17, 2010

Weinberg, Gross & Pergament LLP
Attorneys for Plaintiff-Trustee

By: _____
Marc A. Pergament
400 Garden City Plaza, Suite 403
Garden City, New York 11530
(516) 877-2424